IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHAWN SCOTT a/k/a SHAWN JORDAN; )
and MELISSA HAWTHORNE, )
)
      **Plaintiffs,** )
)
vs. )   Case No. 17-CV-66-TCK-tlw
)
VIC REGALADO, Sheriff of Tulsa County;[1] )
JAMISON HIRSCH, Deputy Sheriff; )
JOSHUA VICTORY, Deputy Sheriff; and )
MARK FACEY, Deputy Sheriff,[2] )
)
      **Defendants.** )

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 13) ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"); and Plaintiffs' motion for leave to amend, which is contained within Plaintiffs' response to the Motion to Dismiss (Doc. 19).

**I.    Factual Allegations in Complaint**

This case arises from three separate encounters between Plaintiff Shawn Scott ("Scott") and deputies employed by the Tulsa County Sheriff's Office ("TCSO").

    **A.    10/23/14 Arrest of Scott by Hirsch (First Cause of Action)**

On October 23, 2014, Tulsa County Deputy Sheriff Jamison Hirsch ("Hirsch") stopped Plaintiff Shawn Scott ("Scott"), an African-American female, for driving with a defective tail light.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) and the agreement of the parties, the Court substituted Vic Regalado ("Regalado") for former Sheriff Stanley Glanz, former acting Sheriff Rick Weigel, and former acting Sheriff Michelle Robinette.

[2] As discussed below, Plaintiff appears to assert claims against Tulsa County Deputy Sheriff Scott Streeter ("Streeter") but failed to name Streeter as a defendant in the case caption. (*See* Compl. ¶ 40.) The Court will permit amendment to add Streeter as a defendant if desired by Plaintiffs.

At the time of the stop, Scott's name was Shawn Jordan. Hirsch received information from radio dispatch that there was an outstanding McIntosh County warrant for a white male named Shawn Jordan who, coincidentally, had the same date of birth as Scott. However, according to the Complaint, Hirsch was also advised "over the radio dispatch of the physical description and the social security number" of the white male named Shawn Jordan. (Compl. ¶ 17.) Hirsch nonetheless arrested Scott on the warrant with knowledge that she did not match the physical description or have the same social security number as the subject of the McIntosh County warrant. Scott was booked into jail and later taken to the hospital for "health complications caused by the stress of her incarceration." (*Id.* ¶ 18.) Scott was released the next day, and no charges were filed against her.

The October 23, 2014 arrest ("10/23/14 Arrest") forms the basis of the first cause of action, which is a 42 U.S.C. § 1983 ("§ 1983") false-arrest claim against Hirsch. In the seventh cause of action against Regaldo in his official capacity, Scott seeks to hold Tulsa County liable for the 10/23/14 Arrest based on a theory of negligent training, supervision, and discipline of Hirsch.[3]

**B. 4/6/15 Arrest of Scott by Hirsch and Streeter (Second Cause of Action)**

Approximately six months later, on April 6, 2015, Hirsch stopped Scott's son while he was driving Scott's vehicle. On or near this date, Scott was arrested by Hirsch and Streeter and charged with obstruction of justice ("4/6/15 Arrest"). The Complaint does not state whether Scott was a passenger in the vehicle or otherwise describe the events leading to this arrest. The obstruction charge has since been dismissed.

---

[3] A suit against Regaldo in his official capacity is treated as a suit against Tulsa County. *See Johnson v. Bd. of Cty. Comm'rs for Cty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (explaining that an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity and not as a suit against the official personally); *Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*, No. 15-CV-473-GKF-PJC, 2016 WL 633374, at *4 (N.D. Okla. Feb. 17, 2016) (holding that suit against Tulsa County Sheriff "equates to an action against Tulsa County").

The 4/6/15 Arrest forms the basis of the second cause of action, which is a § 1983 false-arrest claim against Hirsch and Streeter. It appears Plaintiffs intended but failed to name Streeter as a defendant in the caption of the case, and Plaintiffs shall be granted leave to add Streeter as a defendant, consistent with their substantive allegations. In the seventh cause of action, Scott seeks to hold Tulsa County liable for the 4/6/15 Arrest based on a theory of negligent training, supervision, and discipline of Hirsch and Streeter.

**C. 12/31/15 Arrests of Scott and Hawthorne by Victory and Facey (Third, Fourth, and Fifth Causes of Action)**

Approximately eight months later, on December 31, 2015, Scott's son was stopped by Deputy Sheriff Joshua Victory ("Victory") after Scott's son pulled into the carport of Scott's residence. According to the Complaint, Victory and Deputy Sheriff Mark Facey ("Facey") entered Scott's home without consent, without probable cause, and without a warrant. They then arrested Scott and her daughter, Plaintiff Melissa Hawthrone ("Hawthorne"), on obstruction of justice charges. The Complaint does not specify whether the obstruction charges were dropped but states that Scott and Hawthorne suffered mental anguish and distress as a result of their arrests.

The December 31, 2015 arrests of Scott and Hawthorne ("12/31/15 Arrests") form the basis of (1) the third cause of action, which is a § 1983 false-arrest claim asserted by Scott against Victory and Facey; (2) the fourth cause of action, which is a § 1983 false-arrest claim asserted by Hawthorne against Victory and Facey; and (3) the fifth cause of action, which is a § 1983 excessive-force claim asserted by Scott and Hawthorne against Victory and Facey. In the sixth cause of action against Regaldo in his official capacity, which relates exclusively to the 12/31/15 Arrests, Plaintiffs seek to hold Tulsa County liable based on a "policy or custom" theory of municipal liability. Specifically, Plaintiffs contend TCSO "allowed a custom to ignore policies and procedures that

3

allowed Deputy Victory and Deputy Facey [to] illegally enter a home and arrest two women without probable cause." (Compl. ¶ 63.) In the seventh cause of action, Plaintiffs assert municipal liability in relation to the 12/31/15 Arrests based on a theory of negligent training, supervision, and discipline of Victory and Facey.

In the Motion to Dismiss, Defendants move for dismissal of all claims pursuant to Rule 12(b)(6) for failure to state a claim. Defendants Hirsch, Victory, and Facey, who are sued individually, have asserted the defense of qualified immunity. *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (explaining that qualified immunity exists to protect public officials from discovery that can be disruptive of effective government).

## II. Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough

4

that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

In the specific context of § 1983 actions in which officers are sued personally and have asserted the defense of qualified immunity at the Rule 12(b)(6) stage, the Tenth Circuit has stated:

> To nudge their claims across the line from conceivable to plausible, in this context, plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made. This does not mean that complaints in cases subject to qualified immunity defenses must include all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law.

*Id.* at 1249 (10th Cir. 2008) (internal quotation marks and citations omitted).

**III.     Motion to Dismiss**

   **A.     § 1983 Excessive-Force Claim Against Victory and Facey (Fifth Cause of Action)**

Plaintiffs concede their pleading is deficient with respect to their § 1983 excessive-force claim and request leave to amend. For good cause shown and in the interest of justice, the Court grants leave to amend.

   **B.     § 1983 False-Arrest Claims Against Hirsch, Streeter, Victory, and Facey**

      **1.     10/23/14 Arrest (Hirsch)**

Scott has adequately pled a constitutional violation stemming from this arrest by Hirsch. She contends Hirsch knew (1) she was not the same race or gender as the "Shawn Jordan" that was the subject of the warrant, and (2) she had a different social security number than the "Shawn Jordan" that was the subject of the warrant. If proven, these allegations could support a case of intentional

5

or reckless false arrest, rather than merely a case of negligent, mistaken identity. For the same reasons, Hirsch is not entitled to qualified immunity at the Rule 12(b)(6) stage. Scott has alleged a plausible constitutional violation that was clearly established at the time of the violation – namely intentionally or recklessly arresting a person despite their failure to meet key descriptors in an arrest warrant. Accordingly, this claim states a plausible claim for relief. Defendants' motion to dismiss is denied as to this arrest, and Hirsch is not entitled to qualified immunity at the Rule 12(b)(6) stage.

### 2. 4/6/15 Arrest (Hirsch and Streeter)

Scott alleges that the officers "falsely accused and arrested" her for obstruction of justice following the stop of her son without providing further factual details. (Compl. ¶ 22.) This is a conclusory statement that is devoid of any factual detail, that requires speculation as to the underlying facts, and that does not comply with the *Twombly* standard. Therefore, Hirsch and Streeter are entitled to dismissal and qualified immunity as to these claims.

The Court grants Scott leave to amend her Complaint to supply greater factual detail regarding her actions or inactions at the time of arrest to support her claim that she was arrested without probable cause. These facts are known by Scott and must be pled with more specificity in order to survive a motion to dismiss.

### 3. 12/31/15 Arrests (Victory and Facey)

Scott and Hawthorne allege that the officers arrested them for obstruction of justice without probable cause. Again, this is a conclusory statement that is devoid of any factual detail, that requires speculation as to the underlying facts, and that does not comply with the *Twombly* standard. Therefore, Victory and Facey are entitled to dismissal and qualified immunity as to these claims.

The Court grants Scott and Hawthorne leave to amend the Complaint to supply greater factual detail regarding their actions or inactions at the time of arrest and whether they gave the

officers probable cause to believe the crime of obstruction of justice had been committed. These facts are known by Plaintiffs and must be pled with more specificity in order to survive a motion to dismiss.

    **C.    Municipal Liability Claims**

        **1.    Negligent Training and Supervision**

Plaintiffs concede their pleading is deficient with respect to their seventh cause of action and request leave to amend. For good cause shown and in the interest of justice, the Court grants leave to amend.

        **2.    Custom or Policy**

Plaintiffs contend their "custom or policy" theory of municipal liability is sufficient because they allege that TCSO has a general custom of "ignoring" its policies and procedures. Apparently, Plaintiffs allege that TCSO ignores all of its internal policies and procedures at all times, such that some policy was assuredly ignored in conjunction with Plaintiffs' arrests. Plaintiffs also point to their allegation that a "recent operational assessment commissioned by the Tulsa County Board of Commissioners found 'systematic and institutionalized practice of disregarding organizational policies and procedures.'" (Compl. ¶ 30.) These allegations fail for lack of specificity and failure to allege a connection between the alleged "custom" and the 12/31/15 Arrests. Plaintiffs have not alleged how the general "custom" of ignoring all policies led to the constitutional violations in this case, or what policy or procedure was ignored in the course of the 12/31/15 Arrests. The allegations, as they stand, are conclusory in nature, overly speculative, and fail to provide adequate notice of the factual basis for Plaintiffs' "custom or policy" theory of liability.

Plaintiffs shall be granted leave to amend these allegations to attempt to add specificity and allege a more discernable causal connection between the municipal custom and the 12/31/15 Arrests.

7

**IV. Conclusion**

Defendants' Motion to Dismiss (Doc. 13) is GRANTED in part and DENIED in part. It is DENIED as to the first cause of action against Hirsch. It is GRANTED as to all other causes of action.

Plaintiffs are granted leave to add Streeter as a defendant and amend their allegations to provide greater factual specificity with regard to all dismissed claims. Plaintiffs' Amended Complaint shall be filed no later than seven days from the date of this Order.

**DATED THIS 5th day of September, 2017.**

*Terence C Kern*

**TERENCE C. KERN**
**United States District Judge**