IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHAWN SCOTT, a/k/a SHAWN JORDAN; )
and MELISSA HAWTHORNE, )
)
      Plaintiffs, )
)
vs. )
)
VIC REGALADO, Sheriff of Tulsa County ) Case No. 17-CV-66-TCK-JFJ
in his official capacity; BOARD OF )
COUNTY COMMISSIONERS OF TULSA )
COUNTY, OKLAHOMA; DEPUTY )
SHERIFF JAMISON HIRSCH, individually; )
DEPUTY SHERIFF SCOTT STREETER, )
individually; DEPUTY SHERIFF JOSHUA )
VICTORY, individually; and DEPUTY )
SHERIFF MARK FACEY, individually, )
)
      Defendants. )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss filed by Defendants Mark Facey, Jamison Hirsch, Vic Regalado, and Joshua Victory. (Doc. 33.) For reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

### I.    Factual Background

This case arises from three separate encounters between Plaintiff Shawn Scott ("Scott") and deputies employed by the Tulsa County Sheriff's Office, some of which also involve Scott's son or Plaintiff Melissa Hawthorne ("Hawthorne").

###     A.    10/23/14 Arrest of Scott by Hirsch (First Cause of Action)

The factual details of the 10/23/14 arrest are summarized in the Court's Opinion and Order of September 5, 2017. (Doc. 28.) Because this Court has already found Plaintiff's First Cause of Action states a plausible claim for relief, it is not necessary to discuss that arrest herein.

### B. 04/06/15 Arrest of Scott by Hirsch and Streeter (Second Cause of Action)

Approximately six months later, on April 6, 2015, Defendant Hirsch conducted a traffic stop on a vehicle in which Scott was a passenger. During the course of this traffic stop, Defendant Scott Streeter arrived on the scene. Scott apparently asked Defendant Hirsch and Defendant Streeter why they arrested her son, and was subsequently arrested for obstruction of justice. The obstruction charges have since been dismissed "as being without probable cause and without any legal basis whatsoever." (Doc. 29, pg. 4.) Scott also alleges that Defendant Hirsch and Defendant Streeter colluded to accuse Scott of obstruction, and caused criminal charges to be filed against Scott. Finally, Scott alleges that the arrest and subsequent charges were intentional and malicious, demonstrated racial animus, and were intended to rebuke Scott for asking why Defendants arrested her son.

### C. 12/31/15 Arrests of Scott and Hawthorne by Victory and Facey (Third, Fourth, and Fifth Causes of Action)

On or about December 31, 2015, Scott's son, who lives with Scott, was driving the family automobile when he was followed home by Defendant Victory. Defendant Victory was joined at Scott's home by Defendant Facey and the two entered Scott's home without consent, without probable cause, and without a warrant, and arrested both Scott and Hawthorne. Scott was charged with obstruction and resisting arrest, and Hawthorne was charged with obstruction. Both charges were dismissed on August 17, 2016. Plaintiffs also allege that there was no probable cause or other legal basis to arrest them, that Defendants Victory and Facey entering Scott's home violated the Fourth and Fourteenth Amendments, and that their arrests were intentional, malicious, and demonstrate racial animus. Finally, Plaintiffs allege that Defendants Victory and Facey wrongfully caused criminal charges to be filed against them.

## II. Procedural Background

Plaintiffs filed their Petition in Tulsa County District Court on January 12, 2017. Defendants removed the case to this Court on February 10, 2017. (Doc. 2.) Defendants filed a Motion to Dismiss the Petition on March 10, 2017 (Doc. 13), which the Court granted with leave to amend as to Claims 2-7 on September 5, 2017. (Doc. 28.) Plaintiffs filed their Amended Complaint on September 7, 2017 (Doc. 29).

Defendants filed a second Motion to Dismiss on September 28, 2017. (Doc. 33.) In it, Defendants move for a dismissal of Claims 2-7 pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. Defendants Hirsch, Victory, and Facey, who are sued individually, have asserted the defense of qualified immunity. *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (explaining that qualified immunity exists to protect public officials from discovery that can be disruptive of effective government).

## III. Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

In the specific context of § 1983 actions in which officers are sued personally and have asserted the defense of qualified immunity at the Rule 12(b)(6) stage, the Tenth Circuit has stated:

> To nudge their claims across the line from conceivable to plausible, in this context, plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made. This does not mean that complaints in cases subject to qualified immunity defenses must include all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law.

*Id.* at 1249 (10th Cir. 2008) (internal quotation marks and citations omitted).

**IV.    Motion to Dismiss**

    **A.    § 1983 False Arrest and Malicious Prosecution Claim against Defendants Hirsch and Streeter Regarding the 04/06/15 Arrest (Second Cause of Action)**

Defendant Hirsch argues that he is entitled to qualified immunity as to Scott's § 1983 false arrest claim because Scott has failed to allege any facts to show a lack of probable cause. This imposes a burden on Scott to show both that (1) a constitutional violation occurred and (2) that the

constitutional right was clearly established at the time of the alleged violation. *See Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019) (internal citations omitted). When a warrantless arrest is the subject of a § 1983 action, the officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to make the arrest. *See Garcia v. Escalante*, 678 F. App'x 649, 655 (10th Cir. 2017); *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008).

Scott, however, does not appear to have addressed the 04/06/15 arrest in her Response to Defendants' Motion to Dismiss. (Doc. 41.) Additionally, though Scott was granted leave to file an Amended Complaint to "supply greater factual detail regarding her actions or inactions at the time of arrest," it appears that the only new factual allegation that she added in her Amended Complaint was that she was arrested after "merely asking why the Defendants had arrested her son." (Doc. 28, pg. 4.) In the absence of any argument, the fact that Scott was arrested during a traffic stop after asking why Defendants Hirsch and Streeter arrested her son is not sufficient to show that no reasonable officer could have believed that probable cause existed to make the arrest. Accordingly, Scott has not shown that a constitutional violation occurred and Defendant Hirsch is entitled to qualified immunity as to her § false arrest claim.

Defendant Hirsch also argues that he is entitled to qualified immunity as to Scott's § 1983 malicious prosecution claim, because police officers cannot be sued for malicious prosecution under § 1983 as the chain of causation is broken by the subsequent assessment and decision of the prosecutor. While this is generally true, a police officer will not be insulated from a § 1983 claim for malicious prosecution simply because of a prosecutor's independent actions if the officer conceals or misrepresents material facts to the prosecutor. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004). However, in this case, Scott has not alleged that Defendant Hirsch

concealed or misrepresented material facts to the prosecutor, nor presented any argument as to why Defendant Hirsch is appropriately subject to a § 1983 malicious prosecution claim. Accordingly, Scott has failed to state a claim under § 1983 for false arrest and malicious prosecution against Defendant Hirsch regarding the 04/06/15 arrest, and Defendant Hirsch is entitled to qualified immunity as to both claims.

**B.     § 1983 Unlawful Search, False Arrest, and Malicious Prosecution Claims against Defendants Victory and Facey Regarding the 12/31/15 Arrest (Third and Fourth Causes of Action)**

In granting Defendants' first Motion to Dismiss, the Court noted that the allegations that Defendants Victory and Facey "entered the home of Plaintiff Scott, without consent, without probable cause, and without a warrant and arrested Plaintiff Scott and Plaintiff Hawthorne without probable cause" was a conclusory statement that is devoid of factual detail, requires speculation as to the underlying facts, and that does not comply with the *Twombly* standard. The Court granted Plaintiffs leave to file an Amended Complaint to supply greater factual detail regarding their actions or inactions at the time of arrest and whether they gave the officers probable cause to believe the crime of obstruction of justice had been committed.

In their Amended Complaint, Plaintiffs have added factual allegations regarding Defendants Victory's and Facey's arrival at Scott's house, but have added only unspecific, conclusory allegations regarding their actions or inactions at the time of the arrest. These allegations, described *supra* at I.C., such as Defendants Victory and Facey's lack of probable cause, fourth and fourteenth amendment violations, and their acting intentionally, maliciously, and with racial animus, are legal conclusions that the Court is not required to adopt. *See Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation) (internal citations omitted).

Accordingly, the Court is left with the same allegation that it evaluated in the Petition: that "Defendants Victory and Facey then entered the home of Plaintiff Scott, without consent, without probable cause, and without a warrant, and falsely arrested both Plaintiff Scott and Plaintiff Hawthorne." As in the Petition, this is a conclusory statement that is devoid of any factual detail, that requires speculation as to the underlying facts, and does not comply with the *Twombly* standard. Accordingly, Plaintiffs have failed to state a plausible claim for false arrest and malicious prosecution as to Defendants Victory and Facey, and Defendants Victory and Facey are entitled to qualified immunity.

**C.  § 1983 Excessive Force Claim against Defendants Victory and Facey (Fifth Cause of Action)**

Plaintiffs conceded, in response to a Motion to Dismiss, that their Petition was deficient with respect to their § 1983 excessive force claim, and requested leave to amend, which the Court granted. (Doc. 28, pg. 5.) However, Plaintiffs have not added any factual allegations in support of their excessive force claims, including what excessive force they experienced. Rather, they now appear to argue that the following allegations are sufficient to state a claim for excessive force.

> 58. The Plaintiffs suffered and continue to suffer injuries, including but not limited to, permanent injury, physical pain and suffering and mental anguish as a result of Defendants Victory's and Facey's actions.
> 59. The Plaintiffs' injuries were the direct result of excessive force used by Defendants Victory and Facey that was not reasonable or justifiable under the circumstances.

However, these allegations are identical to those in Plaintiffs' Petition. Plaintiffs' allegations regarding the 12/31/15 Arrest are equally consistent with an arrest in which no

excessive force occurred, and are not sufficient to state a claim. *See Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Accordingly, these statements alone are conclusory allegations that do not satisfy the *Twombly* standard. Plaintiffs have failed to state a plausible claim for excessive force against Defendants Victory and Facey, and Defendants Victory and Facey are entitled to dismissal and qualified immunity as to these claims.

**D.     § 1983 Governmental Liability Claim against Defendant Regalado and Defendant Board of County Commissioners of Tulsa County, Oklahoma (Sixth Cause of Action)**

Plaintiffs allege that Defendants Regalado and Board of County Commissioners of Tulsa County allowed a custom or practice of ignoring federal and state law that allowed Deputy Victory and Deputy Facey to illegally enter a home and arrest two women without probable cause. When the Court granted Plaintiffs leave to amend, the Court noted that Plaintiff's allegation that an "operational assessment commissioned by the Tulsa County Board of Commissioners found 'systematic and institutionalized practice of disregarding organizational policies and procedures' and a 'lack of proper documentation, training and oversight'"—the only factual allegation in support of their Sixth Cause of Action—failed from lack of specificity and failure to allege a connection between the alleged "custom" and the 12/31/15 Arrest. The Court further instructed Plaintiffs to "attempt to add specificity and allege a more discernable causal connection between the municipal custom and the 12/31/15 Arrests."

Despite this instruction, Plaintiffs have not alleged a more discernable causal connection between municipal custom and the 12/31/15 arrests. In fact, it appears that Plaintiffs have added no allegations at all in further support of this cause of action. Accordingly, Plaintiffs have failed to state a claim as to their custom or policy theory of municipal liability for the same reasons they

8

failed to do so in the Petition: because the allegations, as they stand, are conclusory in nature, overly speculative, and fail to provide adequate notice of the factual basis for Plaintiffs' custom or policy theory of liability.

E. **§ 1983 Negligent Training, Supervision, and Discipline Claim against Defendant Regalado and Defendant Board of County Commissioners of Tulsa County, Oklahoma (Seventh Cause of Action)**

In support of their negligent training, supervision, and discipline claim, Plaintiffs allege that "Defendant Regalado and his predecessors failed to properly train, supervise and to discipline deputies within their department with respect to Defendants Deputy Sheriffs Hirsch, Streeter, Victory, and Facey, and other deputies employed therein." (Doc. 29, pg. 5-6.) This is a conclusory statement that is devoid of any factual detail, that requires speculation as to the underlying facts, and that does not comply with the standard set forth in *Twombly*. Accordingly, Plaintiffs have failed to state a claim as to negligent training, supervision, and discipline.

V. **Unserved Defendants**

When Plaintiffs filed their Amended Complaint on September 28, 2017, they added as Defendants the Board of County Commissioners of Tulsa County, Oklahoma and Deputy Sheriff Scott Streeter, Individually. (Doc. 29.) There is no indication that Plaintiffs served Defendants within the 90 days required by Rule 4(m). The Court thereby directs Plaintiffs to show cause, within 10 days of this Order, as to why their claims against the Board of County Commissioners of Tulsa County and Deputy Sheriff Scott Streeter should not be dismissed. If nothing is filed, Plaintiffs claims against these Defendants will be dismissed without prejudice.

## VI. Dismissal with Prejudice

"Dismissal with prejudice is appropriate where the complaint fails to state a claim and granting leave to amend would be futile." *See Rosenfield v. HSBC Bank*, 681 F.3d 1172, 1189 (10th Cir. 2012) (internal citations omitted). Leave to amend is futile when the complaint, as amended, would be subject to dismissal. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). In this case, the Court holds that leave to amend would be futile—Plaintiffs have already filed an Amended Complaint, with specific instruction from the Court, and have still failed to cure the defects identified in the Petition.

Moreover, Plaintiffs have only requested leave to amend as to their Sixth Cause of Action, a § 1983 Governmental Liability Claim. However, Plaintiffs have already had the opportunity to file an Amended Complaint to include factual allegations as to their Sixth Cause of Action, and have failed to include any additional allegations in support of it. Plaintiffs have also not provided any reason why further leave to amend will now allow them to add additional factual allegations in support of this cause of action. Accordingly, the Court has no basis for concluding that Plaintiffs will be able to state a claim for § 1983 Governmental Liability.

## VII. Conclusion

Defendants' Motion to Dismiss (Doc. 33) is **GRANTED**. Claims 2-7 are dismissed as to Defendants Regalado, Hirsch, Victory, and Facey.

DATED THIS 27th day of March, 2019.

*Terence C Kern*

**TERENCE C. KERN**
**United States District Judge**