IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHAWN SCOTT a/k/a SHAWN JORDAN, )
)
      Plaintiff, )
)
vs. ) Case No. 17-CV-66-TCK-JFJ
)
DEPUTY SHERIFF JAMISON HIRSCH, )
individually, )
)
      Defendant. )

## OPINION AND ORDER

Before the Court is Defendant Jamison Hirsch's Motion for Summary Judgment. (Doc. 66.) For reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**.

**I.    Factual Background**[1]

At approximately 5:45 p.m. on October 23, 2014, Tulsa County Deputy Sheriff Jamison Hirsch ("Defendant") initiated a traffic stop on a vehicle driven by Plaintiff Scott's ("Plaintiff") husband, in which Plaintiff, who then went by Shawn Rene Jordan, was a passenger. (Doc. 66, ¶ 4; Doc. 66-4, pg. 2; Doc. 67-1, pg. 5.) As part of this traffic stop, Defendant ran searches for the names and dates of birth of Plaintiff and her husband on his car computer. (*Id*. ¶ 5.) The search indicated an outstanding warrant from McIntosh County for "Shawn R. Jordan," who had the same birthday as Plaintiff. (*Id*. ¶ 6.)

Upon receiving this result, Defendant contacted the Tulsa County Sheriff's dispatcher ("Dispatch"). He relayed Plaintiff's name, Shawn R. Jordan, Plaintiff's date of birth, and the fact that Plaintiff was an African American woman, and requested that Dispatch contact the McIntosh

---

[1] The following facts are undisputed, or as set forth in Plaintiff's Response in Opposition to Motion for Summary Judgment ("Response") (Doc. 67) or documentary evidence.

1

County Sheriff's office and confirm the warrant. (Doc. 66, ¶ 7.) After contacting the McIntosh County Sheriff's Office, Dispatch advised Defendant that McIntosh County had confirmed the warrant and stated that they would fax a warrant hold form to the Tulsa County Jail. (*Id*. ¶ 8.) Defendant then informed Plaintiff that there was a warrant for her arrest from McIntosh County. He placed Plaintiff in handcuffs and placed her in his patrol car. (*Id*. ¶ 9.)

While Plaintiff was handcuffed and in the back of his patrol car, Dispatch, upon Defendant's inquiry, informed Defendant that McIntosh County was not coming to pick up Plaintiff. (Doc. 67-1, pg. 8.) Plaintiff also told Defendant that she did not think the warrant was for her. Dispatch responded that the warrant in question was for a person with the same name and birth date, but it was for a white male with a different social security number. (Doc. 66, ¶ 9; *Id*., pg. 7-8.) Defendant, however, remarked that it was "too close for comfort," and that he was going to take Plaintiff in and "let them figure it out down at the jail." (Doc. 67-1, pg. 10.)

After the parties arrived at the Tulsa County Jail, Defendant reviewed the "Warrant Hold" form that had been faxed from the McIntosh County Sheriff's Office and was necessary to book Plaintiff into jail on a warrant from another county. (*Id.*) However, the Warrant Hold listed the the last four digits of the social security number of the person subject to the warrant as "4432," while the last four digits of Plaintiff's social security number are "4423." (Doc. 66-2, pg. 2; Doc. 66-4, pg. 2.) The warrant also stated that the warrant was for a white male. (Doc. 66-3, pg. 2.) Upon receipt of these documents, Defendant again contacted McIntosh County regarding the information in the warrant, and an unidentified person informed him that "the warrant was valid, but had typos, or errors, on it relating to race and gender." (Doc. 66 ¶ 12; Doc. 67. ¶ 12.) The person also advised that McIntosh County still wanted a hold placed on Plaintiff, the African American woman that Defendant had arrested. (Doc. 66 ¶ 12.) After a brief trip to the hospital to

have Plaintiff medically cleared, Defendant booked Plaintiff into the Tulsa County Jail at 8:26 p.m. (*Id*. ¶ 13, 14.) However, after Captain Dean of the Tulsa County Jail contacted McIntosh County regarding the warrant on the following day, October 24, 2014, McIntosh County faxed the Tulsa County Jail instructions to release McIntosh County's hold on Plaintiff "per Court Clerk." (*Id*. ¶ 16.) Plaintiff was released from custody that afternoon. (*Id*. ¶ 17.)

## II. Procedural History

Plaintiff brought a claim for false arrest pursuant to 42 U.S.C. § 1983. (Doc. 29.) The Court construes this claim to allege that Defendant arrested her without probable cause, which violated her right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment. Defendant contends that he is entitled to qualified immunity as to this claim because he did not violate Plaintiff's Fourth Amendment rights, as he had probable cause for her arrest, and that even if he did not, there was no clearly established law sufficient to have put him on notice that his conduct violated a federal right. (Doc. 66.)

## III. 42 U.S.C. § 1983 and Qualified Immunity

Under 42 U.S.C. § 1983 (§ 1983), a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." *Knopf v. Williams*, 884 F.3d 939, 943 (10th Cir. 2018). The statute is not itself a source of substantive rights, but a method for vindicating federal rights conferred elsewhere. *See Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017). False arrest claims arise under the Fourth Amendment where, as in this case, they challenge conduct that occurred before the institution of legal process. *See Smith v. Plati*, 258 F.3d 1167, 1175 (10th Cir. 2001).

Individual defendants named in a § 1983 action may raise a defense of qualified immunity, which shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law. *See Knopf*, 884 F.3d at 944. In resolving questions of § 1983 qualified immunity at the summary judgment stage, courts engage in a two-pronged inquiry. The first prong looks to whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right. *See Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014). The second prong looks to whether the federal right was clearly established at the time of the violation. *Id.* at 656 (internal citations omitted). However, Courts have discretion to decide the order in which to engage these two prongs. *Id.* Once a defendant raises a qualified immunity defense, the burden shifts to the plaintiff to meet the "heavy two-part burden." *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). However, the general summary judgment standards remain in effect, and the Court must still construe the evidence and draw reasonable inferences in favor of the non-moving party. *See Tolan*, 572 U.S. at 656-60.

## IV. Second Prong: Clearly Established Law

In this case, Plaintiff has not carried her burden to show that the federal right that Defendant allegedly violated was clearly established at the time of the violation. Plaintiff devotes only one and a half pages of her Response to a discussion of qualified immunity. (Doc. 67, pg. 5-6.) In that minimal discussion, Plaintiff argues only that "[i]t is clearly not a 'reasonable mistake' to arrest an African American female upon a warrant for a white male with a different Social Security Number. The law was clearly established in October of 2014 that a police officer did not have the right to arrest someone other than the individual in the warrant." (*Id*.) Plaintiff argues that the law was clearly established because Okla. Stat. tit. 22 sec. 196, the Oklahoma Statute governing

4

warrantless arrests, does not provide for warrantless arrest based on the conduct that was the subject of the warrant.

Plaintiff's argument based on OKLA. STAT. tit. 22 sec. 196 is unavailing. Courts must not define clearly established law at a high level of generality, such as the general standards outlined in the Fourth Amendment or a state statute governing warrantless arrest.[2] *See Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018), quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). For that reason, the Court must look beyond "extremely abstract rights," such as the federal guarantees of the Fourth Amendment or a related state statute. *See id.*, citing *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987). A plaintiff may show clearly established law necessary to defeat an assertion of qualified immunity by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation. To be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate, such that a reasonable official in his shoes would have understood he was violating it. Additionally, the clearly established law must be particularized to the facts of the case, such that the violative nature of the particular conduct is clearly established. *See id.*

In this case, Plaintiff has provided no such particularized authority, and, indeed, no authority whatsoever aside from one reference to OKLA. STAT. tit. 22 sec. 196. Without identifying a case, or collection of cases, with sufficiently similar facts or that establish the case at hand as an obvious one, Plaintiff cannot satisfy the clearly established prong of the qualified immunity analysis. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017). A general reference to a general, state statute is not sufficient. *See Knopf*, 884 F.3d at 944. Moreover, a statute governing warrantless

---

[2] Absent any objection from Defendant, the Court assumes, without deciding, that a state statute could theoretically form the basis of a clearly established "federal constitutional or statutory" right, as required by *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018).

arrest does not itself provide any guidance to a reasonable official as to an instance of arrest with a warrant, but upon mistaken identity, as is the situation presented here. Accordingly, Plaintiff has not carried her burden to show that the federal right that Defendant allegedly violated was clearly established at the time of the violation.

V.     **Conclusion**

Because Plaintiff has not carried her burden to show that the federal right that Defendant allegedly violated was clearly established at the time of the alleged violation, the Court finds that Defendant is entitled to qualified immunity as to Plaintiff's 42 U.S.C. § 1983 false arrest claim. Accordingly, Defendant's Motion for Summary Judgment (Doc. 66) is **GRANTED**. Defendant's Unopposed Motion in Limine (Doc. 69) is **DENIED AS MOOT**. An order of judgment will be entered separately.

**SO ORDERED.**

**DATED THIS 19th day of June, 2019.**

**TERENCE C. KERN**
**United States District Judge**